UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROGER STEIN**,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>**MATT MCCAULEY**,<br><br>　　　　　Respondent. | 2:19-cv-10676<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND MOTION TO WAIVE FEES AND COSTS (ECF Nos. 12 AND 13)** |

On September 22, 2020, the Court denied Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254, denied a certificate of appealability, and denied leave to appeal in forma pauperis. Unfortunately, and due to the error of the Court, the case number on the opinion and judgment was incorrect. According to Petitioner, and as confirmed by his facility's mailroom, Petitioner did not receive a copy of the opinion and judgment until December 1, 2020. (MDOC Letter, ECF No. 12, PageID.489.)

Petitioner now moves for relief from judgment. (Motion, ECF No. 12.) The motion, filed on February 4, 2021, contends that the opinion and judgment denying the habeas petition are void because they list the

1

wrong case number, and Petitioner is asking to raise a new claim challenging the legality of his arrest.[1]

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Relief from a judgment or order under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Although Petitioner does not cite it expressly, his argument invokes Rule 60(b)(4), which allows a court to relieve a party of a judgment if that judgment is void. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

The use of the incorrect case number in the opinion and judgment is a clerical error, but it does not render the judgment void. Because it did not prevent Petitioner from receiving actual notice of the decision, it is not the type of exceptional circumstance otherwise warranting relief from judgment. *See Antoine*, 66 F.3d at 108 (a judgment is void under 60(b)(4) only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.") A clerical error of this nature is correctable under Federal Rule of Civil Procedure 60(a). *See Fink v. Nourse*, 45 F.

---

[1] Petitioner also filed a motion to waive any costs or fees associated with the filing of his motion for relief from judgment. (Motion, ECF No. 13.) Because no fee is required, that motion is denied as moot.

2

App'x 670, 671-72 (9th Cir. 2003). Although Petitioner received actual notice of the decision denying his habeas opinion on December 1, 2020, he did not file a timely motion for reconsideration or a motion to reopen the time to file an appeal within fourteen days of service as allowed by Federal Rule of Appellate Procedure 4(a)(6). *See Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005), aff'd, 551 U.S. 205 (2007) ("Rule 4(a)(6) is the exclusive remedy for reopening the time to file an appeal").

With respect to Petitioner's request to add a new substantive claim challenging the legality of his arrest, no authority exists permitting a new claim to be added to a closed case on account of a clerical error. Even if Petitioner could raise his new claim in this action, an illegal arrest leading to a guilty plea does not state a cognizable basis for granting habeas relief. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (an illegal arrest or detention does not void a subsequent conviction). Petitioner's motion for relief from judgment is therefore denied.

Finally, a certificate of appealability from this order is not warranted because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Leave to proceed in forma pauperis on appeal of this order will be denied as an appeal cannot be taken in good faith. See *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24 (a).

Accordingly, Plaintiff's motion for relief from judgment and motion to waive costs and fees are **DENIED**. Under Rule 60(a), the Clerk of Court shall issue an Amended Opinion and Judgment reflecting the proper case number.

A certificate of appealability and permission to appeal in forma pauperis are **DENIED.**

**IT IS SO ORDERED.**

Dated: September 14, 2021    s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE