## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **ROGER STEIN**, | 2:19-cv-10676 |
| Petitioner, | |
| | HON. TERRENCE G. BERG |
| v. | |
| **MATT MCCAULEY**,[1] | **AMENDED ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondent. | |

Roger Stein, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Stein pled guilty in the St. Clair Circuit Court to operating or maintaining a methamphetamine lab and delivery or manufacture of methamphetamine. *See* Mich. Comp. Laws §§ 333.7401c(2)(f), and 333.7401(2)(b)(i). He was sentenced to concurrent terms of 6-20 years in prison.

Stein asserts that the trial court incorrectly scored the sentencing guidelines and that both his trial and appellate counsel were constitutionally ineffective. The Court will deny the petition because the claims are without merit. The Court will also deny a certificate of appealability and deny permission to appeal in forma pauperis.

---

[1] The Court substitutes Matt McCauley, the Warden at Petitioner's current correctional facility, as Respondent. See Rule 2(a), 28 U.S.C. § 2254.

## BACKGROUND

The charges against Stein arose when he assisted another man living at his Port Huron house to manufacture methamphetamine. As a result of this conduct, Stein was charged with five felony offenses: (1) maintaining a lab involving methamphetamine – second offense, (2) delivery or manufacture of methamphetamine – second offense, (3) possession of methamphetamine – second offense, (4) operating a drug house – second offense, and (5) possession of ammunition or a firearm by a convicted felon. Stein was also notified that the prosecutor would seek a sentencing enhancement because he was a third-time habitual felony offender.

Stein entered into a plea agreement early in the proceedings. In the state district court, he waived his preliminary examination and circuit court arraignment, and he agreed to allow the district court judge to act in place of the circuit court judge to accept his guilty plea. ECF No. 7-3, at 3-8.

Stein's trial counsel put the terms of the plea agreement onto the record. He indicated that Stein would plead guilty to the first two counts and in exchange, the prosecutor would amend them to remove the second-offense designation, dismiss the later three counts, and dismiss the third-time habitual felony offender sentencing enhancement. The prosecutor agreed to the recitation of the agreement.

Stein, who was placed under oath, affirmed his understanding of the terms of the plea agreement. Stein testified that he graduated from high school and that he was born in 1964. He agreed that he had enough time to consult with his attorney regarding the decision whether to plead guilty.

The trial court informed Stein of the offenses to which he would be pleading guilty, including the fact that the two charges carried a maximum sentence of twenty years. Stein indicated his understanding, and then he formally entered his plea of guilty to the two reduced charges.

The court informed Stein of the constitutional rights that he would be waiving by entering his guilty plea. Stein indicated his understanding and agreement to waive each of the rights explained to him. Stein also confirmed that no other promises were made to him in exchange for his plea.

Stein confirmed that he was not threatened in any way to enter his plea, and he agreed that although he received advice from his attorney, it was his own decision to enter the guilty plea.

Stein testified to facts establishing a factual basis for his plea. He testified that an individual named Robert Pelkey moved into his Port Huron house of twenty years. Stein found Pelkey trying to manufacture methamphetamine at the house. Stein allowed him to continue to manufacture the drug, and in fact, he showed him how to make it

correctly. Stein indicated that he did not have any questions about the plea process. The trial court found that Stein's guilty plea, made after consultation with counsel, was entered freely and voluntarily. ECF No. 7-3, at 8-17.

At the sentencing hearing, the advisory sentencing guidelines were scored to call for his minimum sentence term to be between 72 and 120 months. ECF No. 7-7, at 10. Defense counsel indicated that he did not object to the guidelines score. ECF No. 7-4, at 4. The maximum term of the sentence was set by statute at 20 years. *See* Mich. Comp. Laws §§ 333.7401c(2)(f), and 333.7401(2)(b)(i). The court imposed a sentence at the bottom of the advisory guidelines, sentencing Stein to 6-20 years in prison. ECF No. 7-4, at 10.

Following his conviction and sentence, Stein filed a delayed application for leave to appeal in the Michigan Court of Appeals, which raised one claim:

> I. Mr. Stein is entitled to resentencing for controlled substance-operating/maintaining a lab involving methamphetamine and controlled substance-delivery/manufacturing methamphetamine, where the sentence is based on 10 points erroneously scored under offense variable 13 and 5 points erroneously scored under offense variable 15, and both trial court counsel and original appointed appellate counsel were ineffective for failing to correct the error.

The Michigan Court of Appeals denied Stein's application "for lack of merit in the grounds presented." ECF No. 7-7, at 1. Stein subsequently filed a pro se application for leave to appeal in the Michigan Supreme Court, but it was rejected because it was untimely filed. ECF. No. 7-8.

Stein returned to the trial court and filed a motion for relief from judgment, raising seven claims:

> I. Defendant's current sentence is invalid where the erroneous scoring of the offense variables and misapplication of statutory law clearly rendered the sentence a product of a violation of due process, by being sentenced on inaccurate information and is contrary to, and an unreasonable application of clearly established federal law.
>
> II. Defendant was denied his Sixth Amendment right to effective assistance of appellate counsel on his first appeal and his Fourteenth Amendment right to the due process of law by appellate counsel's actions.
>
> III. Trial counsel was ineffective to suppress the evidence, where there was no probable cause to support the issuance of a warrant.
>
> IV. The cumulative errors in the proceedings denied Defendant his constitutional right to a fair trial and due process of law, and the right to effective assistance of counsel.
>
> V. Defendant was denied his Sixth Amendment right to effective assistance of counsel where there was a breakdown in the attorney client relationship and where counsel failed to file Defendant's Standard Four appellate brief.
>
> VI. The cumulative errors in the proceedings denied Defendant his constitutional right to a fair trial and due process of law, and the right to effective assistance of counsel.

VII. Defendant submits that his appellate counsel was the cause for any procedural default so the federal exhaustion requirement should be excused.

The trial court denied the motion for relief from judgment because Stein did not demonstrate good cause or actual prejudice for his failure to raise the claims on direct appeal under Michigan Court Rule 6.508(D)(3). ECF No. 7-6, at 3.

After the trial court denied the motion for relief from judgment, Stein filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for leave to appeal "fail[ure] to establish that the trial court erred in denying the motion for relief from judgment." ECF No. 7-9, at 1. Stein then applied for leave to appeal this decision in the Michigan Supreme Court, but he was denied relief under Mich. Ct. R. 6.508(D). *People v. Stein*, 922 N.W.2d 352 (Mich. 2019) (Table).

## STANDARD OF REVIEW

Section 2254(d) of Title 28 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, places strict limits on federal courts' authority to grant applications for a writ of habeas corpus by state prisoners. *Moore v. Mitchell*, 708 F.3d 760, 781 (6th Cir. 2013). Section 2254(d) instructs that federal courts "shall not" grant a habeas petition filed by a state prisoner with respect to any claim adjudicated on the

merits by a state court, absent applicability of either of two specific exceptions. The first exception occurs if the state-court judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The second exception applies if the state court judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The statute therefore requires a high degree of deference to state-court rulings and demands those decisions be given the benefit of the doubt. *Renico v. Lett*, 559 U.S. 766, 773 (2010). Fundamentally, § 2254(d) casts federal habeas review as a safeguard against "extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (citation omitted).

## DISCUSSION

A. Sentencing Guidelines

Stein contends that the state court incorrectly calculated his sentencing guideline range under the Michigan Sentencing Guidelines. He asserts that he was erroneously assessed points for offense variables related to displaying a pattern of committing three or more drug offenses and for engaging in the delivery of drugs. He asserts that the three dismissed charges should not have counted for the scoring, and that he

did not admit as part of the plea hearing that he was engaged in the distribution of methamphetamine.

This claim was raised in Petitioner's direct appeal. The Michigan Court of Appeals denied his application for leave to appeal "for lack of merit in the grounds presented." ECF No. 7-7, PageID.193. That decision, though brief, constitutes an adjudication and rejection of Petitioner's claim on the merits. See *Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

Under *Werth,* the Court must presume that the state court rejected Petitioner's contention that the guidelines were incorrectly scored, and this Court may not second-guess that determination of a state-law issue. State courts are the final arbiters of state law. See *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). "[E]rrors in the application of state sentencing guidelines like those alleged [here] cannot independently support habeas relief." *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016).

The Court notes that Petitioner relatedly asserted in his post-conviction review proceeding that the scoring of the sentencing guidelines violated his Sixth Amendment jury trial rights. Had Petitioner been sentenced under the mandatory version of Michigan's sentencing guidelines, then this argument might have merit. See *Robinson v. Woods*, 901 F. 3d 710, 716-718 (6th. Cir. 2018). Petitioner was sentenced, however, after the guidelines were made advisory. See ECF No. 7-4, at

PageID.146. Petitioner's Sixth Amendment rights were not implicated by the exercise of the trial court's discretion in scoring advisory guidelines. See *United States v. Booker*, 543 U.S. 220, 232 (2005) ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."). Petitioner's first claim is therefore without merit.

B. Ineffective Assistance of Counsel

Stein raises a number of claims of ineffective assistance of trial counsel. Several of these claims assert that his trial counsel should have raised challenges in the trial court to challenge the charges. The properly conducted plea colloquy, which reveals that Stein's plea was voluntarily and intelligently entered, belies his claim that the ineffectiveness of his counsel induced his plea. See *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Stein's challenges to his counsel's pre-plea conduct are barred by his valid, voluntary guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Stein also asserts that his counsel failed to object to the scoring of the sentencing guidelines. The failure to lodge a proper objection to sentencing errors "can form the basis of ineffective-assistance claims." *Kissner*, 826 F.3d at 904. But to succeed on such a claim, Stein "must

show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). Because the Michigan Court of Appeals determined that Stein's guidelines claims were without merit, however, his attorney cannot be faulted for not raising those arguments at the sentencing hearing. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011).

Finally, Stein's claims of ineffective assistance of appellate counsel fail for similar reasons. Stein claims that his appellate counsel was ineffective for failing to properly preserve and present his other claims. But at bottom here are claims that, for the reasons discussed above, lack merit. It is well-established that "appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit," *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

As none of Stein's claims merit relief, the petition will be denied.

## CONCLUSION

For these reasons, the Court **DENIES** the petition for a writ of habeas corpus in part.

Furthermore, because reasonable jurists would not debate this result, the Court **DENIES** a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Finally, because any appeal would be frivolous, leave to

appeal in forma pauperis is **DENIED**. See 28 U.S.C. § 1915(a)(3).

DATED: September 14, 2021.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

11